IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EDWARD L. GUY                              )
                                          )
v.                                        )          No. 3:11-0132
                                          )          Judge Wiseman/Bryant
SOCIAL SECURITY ADMINISTRATION            )


## O R D E R

Currently pending in the Social Security appeal are plaintiff's motion to stay

briefing order (Docket Entry No. 13), and defendant's motion to supplement the

administrative record (Docket Entry No. 14), to which plaintiff has filed a response (Docket

Entry No. 15). Defendant has filed a reply to plaintiff's response. (Docket Entry No. 16)

Plaintiff seeks a stay of the briefing schedule in this case "because the

transcript filed by the Commissioner is incomplete: it does not include [plaintiff's] brief to

the Appeals Council, notwithstanding the certification that the transcript includes the 'full

and accurate transcript of the entire record of proceedings related to this case.'" (Docket

Entry No. 13 at 1) Plaintiff submits that because the Appeals Council's ("AC") notice

declining review of the Administrative Law Judge's ("ALJ") decision did not refer to the

letter brief submitted by counsel, it is likely that the AC did not consider the brief.[1] With

the expectation that defendant would seek a voluntary remand in order that the AC might

consider the errors alleged in counsel's brief, plaintiff requests that the briefing order be

stayed until such time as defendant either files a corrected transcript or moves to remand the

---

[1]As noted in defendant's reply brief, the "Notice of Appeals Council Action" does state that
the AC "considered the reasons you disagree with the [ALJ's] decision," but "found that this
information does not provide a basis for changing the [ALJ's] decision." (Docket Entry No. 11 at 5-6)

matter.

In response to plaintiff's motion, defendant filed its motion to supplement the record to include counsel's two-page brief to the AC as well as correspondence from the AC to counsel inviting such a submission, asserting that these documents were inadvertently omitted from the record initially filed with the court. (Docket Entry No. 14 & Att. 1) Responding to the government's motion, plaintiff states that he has no objection to the supplementation of the record. Nonetheless, plaintiff contends that reversal and remand is in order unless the government can demonstrate, despite appearances, that counsel's brief was actually considered by the AC, arguing that "[t]o do otherwise is to deny Plaintiff his right to counsel, i.e., consideration of his counsel's arguments, at the final step of the administrative adjudicatory process." (Docket Entry No. 15)

Social Security claimants have a statutory right to counsel at a disability determination hearing. 42 U.S.C. § 406; Harrison o/b/o Harrison v. Sec'y of Health & Human Servs., 1986 WL 18491, at *3 (6th Cir. Dec. 4, 1986). See also, e.g., Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 855 (6th Cir. 1986). On appeal from an adverse post-hearing decision, a claimant may, under the regulations, file with the AC a brief concerning the legal and factual issues in the case, 20 C.F.R. § 416.1475, but review by the AC is plenary unless the claimant is given notice to the contrary, 20 C.F.R. § 416.1476, and its framing of the issues pertinent to its decision to accept or decline the case for review is not generally subject to challenge in district court. See Sims v. Apfel, 530 U.S. 103, 110-12 (2000) (noting that the analogy to adversarial court proceedings is at its weakest when considering the Social Security Administration's appeals system, which is constructed so "that the Council does not depend much, if at all, on claimants to identify issues for review"); cf. Gronda v. Sec'y of

<u>Health & Human Servs.</u>, 856 F.2d 36, 38-39 (6th Cir. 1988). Plaintiff did not submit to the AC

any new and material evidence along with counsel's brief, nor does he seek from this court

remand for consideration of any such evidence. Rather, it is the sufficiency of the ALJ's

decision based on the evidence before him that is at issue in this case. The AC found the

ALJ's decision sufficient according to its rules (Docket Entry No. 11 at 5-6). <u>See</u> 20 C.F.R. §

416.1470. Therefore, it appears that any failure of the AC to consider the arguments of

counsel in this case is at this point water under the bridge, rather than a prejudicial denial of

the right to counsel or other reversible error.

    This same scenario was presented to the district court in <u>Smith v. Astrue</u>, 2009

WL 3241758 (S.D. Tex. Sept. 29, 2009), which dealt with it as follows:

> Smith contends that the Appeals Council committed reversible error because it issued a form denial on April 14, 2008, without addressing or even acknowledging receipt of the legal memorandum that Smith allegedly forwarded to the Appeals Council by facsimile on March 12, 2008. Similarly, Smith argues that the Appeals Council has failed to comply with its signed certification proclaiming that the Commissioner has filed its "full and accurate transcript of the entire record of proceedings in this case," as neither Smith's March 12, 2008, legal memorandum nor her April 22, 2008, correspondence seeking reconsideration were made part of the administrative record.
>
> Although the Commissioner agrees that any evidence submitted to the Appeals Council becomes part of the record on review by this Court, the Commissioner disagrees that the misplacement or non-inclusion of Smith's attorney's legal memorandum constitutes fundamental, reversible error. The Commissioner maintains that, assuming, *arguendo*, that the Appeals Council actually received the legal memorandum, it merely contained bullet-point references to the evidence that was already in the record, had been considered by the ALJ, and was being reviewed by the Appeals Council. Smith's legal memorandum did not contain any additional evidence; likewise, it did not contain additional evidence that was both new and material. Thus, in this instance, the Appeals Council's failure to address Smith's legal memorandum was not reversible error.

2009 WL 3241758, at *11.

       This court concurs with the result in <u>Smith</u>. Accordingly, for the foregoing reasons, defendant's motion to supplement the administrative record is **GRANTED**, and plaintiff's motion to stay the briefing order is **DENIED**. Consistent with that scheduling order (Docket Entry No. 12), briefing in this case will begin with plaintiff's motion for judgment on the administrative record, to be filed within thirty (30) days from the entry of this order.

       So **ORDERED.**

         s/ John S. Bryant_____
        JOHN S. BRYANT
        UNITED STATES MAGISTRATE JUDGE